■ In the Matter of PAUL M. TURTORO, Appellant, v BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to recompute the petitioner's accident disability retirement allowance, the petitioner appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), dated July 7, 1988, which denied the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, a plumber's helper employed by the New York City Board of Education, joined the Board of Education Retirement System on February 1, 1974. Upon sustaining an injury in the line of duty, the Retirement System approved his retirement, effective November 5, 1987, for accident disability. After determining that Retirement and Social Security Law § 444, as amended by Laws of 1976 (ch 890), would actually decrease the petitioner's maximum retirement benefit allowance, which, according to the New York City Law Department, would be unconstitutional under NY Constitution, article V, § 7, the acting Chief Actuary of the City of New York calculated this allowance by applying Retirement and Social Security Law § 444, as originally enacted. He then certified to the Retirement System that the petitioner was entitled to a maximum retirement benefit allowance of $21,022.78 per year.

We disagree with the petitioner's contention that Retirement and Social Security Law § 444, as amended by Laws of 1976 (ch 890), should be interpreted literally. It is well settled that where the plain meaning of the words used lead to either futile or absurd results or lead to unreasonable results " ' "plainly at variance with the policy of the legislation as a whole" ' " *(New York State Bankers Assn. v Albright,* 38 NY2d 430, 437, quoting from *United States v American Trucking Assns.,* 310 US 534, 543-544) courts may consider extrinsic factors *(see, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 675). The respondents correctly determined that the statutory scheme and the legislative purpose of Retirement and Social Security Law § 444, as amended by Laws of 1976 (ch 890), required an interpretation that would reduce the maximum retirement benefit of its members whose final average salaries were in excess of $30,600. We agree that a proper interpretation of section 444, as

amended, is to mandate a maximum retirement allowance of 60% of the first $15,300 of final average salary plus 50% of the next $12,000 of final average salary (the difference between $15,300 and $27,300), plus 40% of the amount of final average salary in excess of $27,300.

Therefore, the respondents did not act unreasonably or in an arbitrary or capricious manner in applying the more beneficial earlier version of Retirement and Social Security Law § 444, as the petitioner joined the retirement system prior to July 1, 1976, the effective date of the amendment to section 444. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.